court. Therefore, the court did not err in denying postconviction relief without considering the claims raised in Thorpe's motion in opposition.

## VI. CONCLUSION

For the foregoing reasons, we affirm the order of the district court which denied Thorpe's amended motion for postconviction relief without an evidentiary hearing.

AFFIRMED.

———————————

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. DAVID C. HOLCOMB, RESPONDENT.
___ N.W.2d ___

Filed February 13, 2015.    No. S-14-692.

Original action. Judgment of public reprimand.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the conditional admission filed by David C. Holcomb, respondent, on November 13, 2014. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on October 14, 2008. At all relevant times, he was engaged in the practice of law in Omaha, Nebraska.

On July 31, 2014, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent. With respect to the one count, the formal charges state that on or about November 6, 2013, respondent posted on a Web site

which he owned and controlled that his uncle and his cousin had committed various crimes and suggested that they should be prosecuted by the International Criminal Court. The Web site posting called for readers to report respondent's uncle and cousin to the International Criminal Court, and the posting included respondent's uncle and cousin's publicly recorded address and telephone number. The formal charges state that "[t]he allegations of criminal conduct by [respondent's uncle] and [respondent's cousin] stated by respondent in his Internet posting are false and respondent knew they were false when he posted them, or he posted them in reckless disregard for the truth." The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (c) (misconduct).

On November 13, 2014, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and conduct rule § 3-508.4(a) and (c). In the conditional admission, respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or

part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rule § 3-508.4(a) and (c) and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.